**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CAROL L. RIGGINS,

       Plaintiff,

vs.                                          CASE NO. 3:09-cv-856-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____/

**O R D E R**

This matter is before the Court on Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. #21, Petition). In the Petition, Plaintiff's counsel requests an award of $8,163.41, which consists of $7,804.41 in attorneys' fees and $359.00 in costs and expenses (Doc. #21 at 4; Doc. #21-1 at 12-13).

Defendant has filed a response to Plaintiff's Petition, wherein Defendant asserts that the number of hours for which compensation is requested is unreasonable (Doc. #22 at 2, 3-5). Defendant further objects to the request of Plaintiff's counsel that the EAJA fee award be made payable directly to her rather than to Plaintiff (Doc. #22 at 2). Defendant additionally asserts that the requested fees be calculated on current rather than historic rates for the year in which the work was actually performed (Doc. #22 at 9-11).

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

       1.     Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal of a denial of benefits, is a "prevailing party," Shalala v.

Schaefer, 509 U.S. 292, 300-02 (1993), and the Commissioner failed to apply the proper legal standards in evaluating the case.  Therefore, the Commissioner's position here was not substantially justified.  Moreover, Plaintiff filed a timely application for attorney fees, and Plaintiff states that her net worth at the time this proceeding was filed was less than two million dollars (Doc. #21 at 1-2).  *See also* 28 U.S.C. § 2412(d); Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 (1990).

2.      The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. § 2412(d)(2)(A).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. § 406(b)(1)(A).  There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required.  Barber v. Sullivan, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (*citing* Baker v. Bowen, 839 F.2d 1075, 1084 (5th Cir. 1988).  Baker is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion.  *Id.*  Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

2

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $175.38 per hour for services provided in 2009 and 2010 during the pendency of this matter (Doc. #21-1 at 12).  Plaintiff bases this hourly rate on the Consumer Price Index for September 2010 (Doc. #21-1 at 10), maintaining that <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292, 1302 (11th Cir. 1988) requires payment at the current rate (Doc. #21-1 at 9).  <u>Norman</u>, however, stands only for the proposition that "where there is a delay the court should take into account the time value of money. . . ." *Id.*  In support of her contentions in this regard, Plaintiff also provides a copy of an unpublished opinion from the Northern District of Georgia, <u>Jones v. Apfel</u>, No. 1:98-cv-0335-WBH (N.D. Ga. Dec. 8, 2010), in which the court awarded EAJA fees in a Social Security matter based on current rates (Doc. #21-4 at 1-2).[1]  In <u>Jones</u>, however, the court implicitly found that a current rate was appropriate because the matter was pending for over two years, and that the current rate would account for the time value of money (*id.* at 2). The Eleventh Circuit has explained, however, that enhancements for delay, such as the ones contemplated by <u>Norman v. Housing Authority</u> (*i.e.*, compensation based on current rather than historic rates), should be made only in unusual cases, "where there are 'extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees,' especially where 'the delay is unjustifiably caused by the defense.'" <u>Gray ex rel. Alexander v. Bostic</u>, 613 F.3d 1035, 1044-45 (11th Cir. 2010) (*internal citations omitted*).  This was not an unusually long, drawn out case where an enhancement would be warranted; therefore, the Court will apply historic rather than current rates in this matter.

---

[1]Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

Here, when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA, the Court finds the applicable hourly rate of compensation is $170.97 for 2009 and $173.79 for 2010.[2]

By way of the Petition, Plaintiff seeks an award of fees for the work of three attorneys: (1) Tracy Tyson Miller, Esq.; (2) Charles L. Martin, Esq.; and (3) Perrie Naides, Esq. (Doc. #21-1 at 4, 7; Doc. #21-5 at 1-4; Doc. #21-6 at 1-4; Doc. #21-7 at 1-2). However, only one attorney, Ms. Miller, has appeared as counsel of record for Plaintiff. Further, only Ms. Miller is admitted to the bar of this Court.  Neither Mr. Martin nor Ms. Naides have appeared as counsel of record in this case.  Moreover, neither Mr. Martin nor Ms. Naides is licensed to practice law in the state of Florida—nor have they sought or been permitted *pro hac vice* admission.

Review of opinions from other courts reveal a pattern by which Mr. Martin participates in Social Security cases–whereupon he associates himself with attorneys in various states and districts where he has not been admitted to practice law.  Often, Mr. Martin's claims for services include claims for an additional attorney, and on a number of occasions the additional attorney has been Ms. Naides.  Specifically, the Court would point to: Sneed v. Astrue, No. 1:09cv203, 2010 WL 5395785, at *6 (W.D. N.C. Dec. 22, 2010) (reducing the rate of compensation for Mr. Martin and Ms. Naides' work to that of a paralegal); McDonald v. Astrue, No. 2:09cv027, 2010 WL 4818092, at *2-4 (W.D. N.C. Nov. 22, 2010) (concluding that Mr. Martin and Ms. Naides' disregard of *pro hac vice* admission

---

[2]The Court arrived at its conclusions after visiting the following website: http://www.minneapolisfed.org  (last visited May 9, 2011).  The Court refers to this public website for informational purposes only.  The Court accepts no responsibility for and does not endorse any content found at this website.  Furthermore, the Court's opinion is not affected should this website cease to be available in the future.

4

requirements and practicing before the court without seeking admission to the bar renders an award of fees unjust and reducing the rate of compensation for Mr. Martin and Ms. Naides' work to a paralegal rate); <u>Mullinax v. Astrue</u>, No. 2:09-cv-00001-PMD, 2010 WL 2382560 (D.S.C. June 14, 2010) (concluding that Mr. Martin and Ms. Naides' disregard of *pro hac vice* admission requirements and practicing before the court without seeking admission to the bar renders an award of fees under the EAJA unjust and denying their request for award of fees); <u>Jones v. Astrue</u>, No. 4:09-205-TLW, 2010 WL 104591, at *1-2 (D.S.C. Jan. 6, 2010) (granting a petition for Mr. Martin's fees under the EAJA but warning that, in the future, *pro hac vice* admission should be obtained by any out-of-state counsel for whom attorney's fees will be requested); <u>McChesney v. Astrue</u>, No. 6:08-546-GRA, 2009 WL 4267076 (D.S.C. Nov. 24, 2009) (concluding that Mr. Martin and Ms. Naides' disregard of *pro hac vice* admission requirements and practicing before the court without seeking admission to the bar renders an award of fees under the EAJA unjust and denying their request for award of fees); <u>Sacco v. Astrue</u>, No. 1:09-cv-320, 2010 WL 5395795, at *2-3 (W.D. N.C. Dec. 22, 2010) (concluding that Mr. Martin and Ms. Naides' disregard of *pro hac vice* admission requirements and practicing before the court without seeking admission to the bar renders an award of fees unjust and reducing the rate of compensation for Mr. Martin and Ms. Naides' work to a paralegal rate).

The Court is concerned whether Mr. Martin and Ms. Naides are attempting to practice law in this District without seeking either admission to the Florida Bar or *pro hac vice* admission, and that their association with Ms. Miller simply serves as a conduit by which they attempt to accomplish such goal(s).  Since Mr. Martin and Ms. Naides have not been granted permission to serve as counsel in this matter, they should not be

compensated as attorneys.  The Court, therefore, finds that Mr. Martin and Ms. Naides are entitled to a fee appropriate for paralegals.  The Eleventh Circuit has recognized paralegal time as recoverable under EAJA, but only "to the extent that the paralegal performs work traditionally done by an attorney."  Jean v. Nelson, 863 F.2d 759 (11th Cir. 1988) *quoting* Allen v. United States Steel Corp., 665 F.2d 689, 697 (5th Cir. Unit B 1982).  Under EAJA, the amount of fees awarded to non-attorneys shall be "based upon prevailing market rates for the kind and quality of the services furnished. . . ." 28 U.S.C. § 2412(d)(2)(A); *see also* Richlin Security Serv. Co. v. Chertoff, 553 U.S. 571, 581 (2008) (finding fees for paralegal services under EAJA are recoverable at prevailing market rates).  Recently, in Merrit v. Astrue, No. 3:08-cv-943-J-12TEM (M.D. Fla. Dec. 2, 2010), this Court found $65 per hour to be a reasonable hourly rate for paralegal services in the Jacksonville, Florida area.  In Kolcynski v. United Space Alliance, LLC, No. 6:04-cv-716-Orl-18KRS, 2006 WL 3614919, at *7 (M.D. Fla. Dec.11, 2006), $75 was found to be a reasonable rate for paralegal services in this District.

The Court, therefore, finds Mr. Martin and Ms. Naides should be compensated at a rate of $75.00 per hour.

In conjunction with its determination of a reasonable hourly rate, the Court must determine the number of hours reasonably expended on the case.  *See* Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Norman, 836 F.2d at 1301.  The Court finds 44.5 hours expended on Plaintiff's case is reasonable as this case was particularly complex and involved a record of over 1,100 pages.

6

The Court would note that Plaintiff has requested 3.8 hours of EAJA fees for services rendered before the filing of the Complaint on August 13, 2009.[3]  For the reasons that follow, the Court finds this amount to be reasonable.  *See* Pollgreen v. Morris, 911 F.2d 527, 534-36 (11th Cir. 1990) (finding in certain instances a reasonable number of attorney hours may be expended in preparation of the civil action before the filing of the complaint, and that those hours may be compensable under the EAJA); *see also* Dixon v. Astrue, No. 3:07cv333-TFM, 2010 WL 148446 (M.D. Ala. Jan. 13, 2010) (finding 2.3 hours of time spent with the client regarding the federal court review of the Social Security case was reasonable and compensable under the  EAJA); Harrison v. Astrue, No. 3:08-cv-577-J-TEM, 2009 WL 3853184 (M.D. Fla. Nov. 18, 2009) (finding 1.90 hours spent for preparation of the complaint would be paid under the EAJA).  As noted above, this matter was complex, and involved a large administrative record.  Thus, the Court finds the number of hours expended in preparation of filing the Complaint to be reasonable in this instance.

3.	Plaintiff's counsel has requested any awarded EAJA fees be paid directly to her, rather than to Plaintiff (Doc. #21-1 at 10-11).  In support of this request, Plaintiff's counsel provided a copy of a document entitled "Plaintiff's Assignment of EAJA Fee" (Doc. #21 at 4).  Defendant objects to this request (Doc. #22 at 2, 5-11).

As the Supreme Court recently held in the case of Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA.  *See also*, Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1509-11 (11th Cir. 1988) (the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not

---

[3]Although Ms. Miller's time sheet (Doc. #21-5) does not indicate when the complaint was filed, the docket reflects that the complaint was filed on August 13, 2009 (*see* Doc. #1).

its counsel, in accordance with the specific language of the EAJA).  The decision of the Eleventh Circuit in <u>Reeves v. Astrue</u>, 526 F.3d 732 (11th Cir. 2008) reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute.  The <u>Reeves</u> court succinctly stated the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." *Id.* at 736.

The Supreme Court's ruling in <u>Ratliff</u> is also in accord with Eleventh Circuit precedent finding an award of EAJA attorney fees may be offset by the government where the plaintiff owes pre-existing debts to the United States.  *See* <u>Ratliff</u>, 130 S.Ct. at 2524; *see also*, <u>Reeves</u>, 526 F.3d at 732 n.3 (finding the EAJA attorney fee award was subject to the plaintiff's debt under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a)) and 31 C.F.R. § 285.5 (detailing the centralized offset of federal payments to collect nontax debts owed to the United States).

<u>Ratliff</u> acknowledges that historically the actual payment of EAJA fees is often directed to the attorney for the prevailing party, and sets forth that such practice may continue where the prevailing plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.  <u>Ratliff</u>, 2528-29.  Neither <u>Panola</u> nor <u>Reeves</u> squarely addresses the payment of EAJA fees directly to counsel when the prevailing plaintiff has assigned his or her interest to the attorney.  In the past, this Court has followed the common practice of other courts in our district and directed payment of EAJA fees to counsel when an assignment of benefits was included with the counsel's petition.  *See, e.g.*, <u>Hagman v. Astrue</u>, 546 F. Supp. 2d 1294, 1299 (M.D. Fla. 2007) holding EAJA fees

8

Case 3:09-cv-00856-TEM   Document 23   Filed 05/27/11   Page 9 of 11 PageID 180

must be paid directly to Plaintiff's attorney when such request is made in the petition); Clopper v. Astrue, No. 3:08-cv-1055-J-TEM, 2010 WL 1911420 (M.D. Fla. May 12, 2010) (granting request for payment of EAJA fees to be made directly to attorney in accordance with the plaintiff's assignment of fees); Williams v. Comm. of Soc. Sec., No. 6:07-cv-212-ORL-KRS, 2008 U.S. Dist. LEXIS 31366, at *2-3 (M.D. Fla. Apr. 16, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff); Stoykor-Adams v. Astrue, No. 8:06-cv-733-T-TBM, 2008 WL 508198, at *3 (M.D. Fla. Feb. 21, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff).  Such practice, however, admittedly was permitted without the benefit of knowing whether the plaintiff as the prevailing party was responsible for debts owed to the government, and thus subject to offset.  In light of Ratliff, this Court finds it a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fee award.  The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees.

4.    Plaintiff makes a claim for reimbursement of costs incurred by filing the complaint and a claim for reimbursement of courier expenses in this action.  The cost of filing fees is expressly provided in 28 U.S.C. § 2412(a)(1), (c)(1).  The Court finds $350 for filing fees is a reasonable claim for costs under 28 U.S.C. § 2412(a)(1).

With respect to expenses, courts have held overhead costs to be non-reimbursable. See, e.g., Gates v. Barnhart, 325 F. Supp. 2d 1342 (M.D. Fla. 2002).  In Gates, the court

must be paid directly to Plaintiff's attorney when such request is made in the petition); Clopper v. Astrue, No. 3:08-cv-1055-J-TEM, 2010 WL 1911420 (M.D. Fla. May 12, 2010) (granting request for payment of EAJA fees to be made directly to attorney in accordance with the plaintiff's assignment of fees); Williams v. Comm. of Soc. Sec., No. 6:07-cv-212-ORL-KRS, 2008 U.S. Dist. LEXIS 31366, at *2-3 (M.D. Fla. Apr. 16, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff); Stoykor-Adams v. Astrue, No. 8:06-cv-733-T-TBM, 2008 WL 508198, at *3 (M.D. Fla. Feb. 21, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff).  Such practice, however, admittedly was permitted without the benefit of knowing whether the plaintiff as the prevailing party was responsible for debts owed to the government, and thus subject to offset.  In light of Ratliff, this Court finds it a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fee award.  The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees.

4.    Plaintiff makes a claim for reimbursement of costs incurred by filing the complaint and a claim for reimbursement of courier expenses in this action.  The cost of filing fees is expressly provided in 28 U.S.C. § 2412(a)(1), (c)(1).  The Court finds $350 for filing fees is a reasonable claim for costs under 28 U.S.C. § 2412(a)(1).

With respect to expenses, courts have held overhead costs to be non-reimbursable. See, e.g., Gates v. Barnhart, 325 F. Supp. 2d 1342 (M.D. Fla. 2002).  In Gates, the court

found copying costs for copies of the transcript or other research materials were overhead costs that were not reimbursable.  *Id.* at 1349.  The <u>Gates</u> court also found postage for certified mailing charges were not reimbursable.  *Id.*  In contrast, in <u>Jean</u>, the court stated it rejected the government's argument that telephone charges, attorney's reasonable travel expenses, postage, and computerized research were not compensable under the EAJA.  863 F.2d at 777-78.  Plaintiff seeks $9.00 for expenses incurred from courier deliveries.  The Court will award these expenses.

5.      Upon due consideration, the Court finds that 4.05 hours were reasonably expended by Plaintiff's attorney, Ms. Miller, and that 40.45 paralegal hours (expended by Mr. Martin and Ms. Naides') are reasonable.   Thus, the Court finds $3,732.47 is a reasonable amount for attorney/paralegal fees in this case ($170.97 x 1.75 attorney hours in 2009 + $173.79 x 2.3 attorney hours in 2010 + $75 x 40.45 paralegal hours = $3,732.47).

In addition, Plaintiff has requested that the Court extend the time for seeking attorneys' fees under 42 U.S.C. § 406(b) beyond the fourteen (14) days provided for in the judgment in this matter (*see* Doc. #20 at 2).  Even though this request seems premature at this point, the Court will grant it to the extent that any motion for attorneys' fees under 42 U.S.C. § 406(b) may be filed with this Court on or before the thirtieth (30th) day after the notice of award is *issued* by Social Security Administration.

Accordingly, upon due consideration, it is hereby **ORDERED**:

1.      Plaintiff's Petition for Attorney Fees (Doc. #22) be **GRANTED**, **in part**.

2.      The Clerk is directed to enter judgment in favor of Plaintiff and against

10

Defendant in the amount of $3,732.47 in attorney/paralegal fees, $350.00 in costs, and $9.00 in expenses.  *See* 28 U.S.C. § 2412(a)(1).

    3.      The request that the Court direct the payment of the fees be made to Tracy Tyson Miller, Esquire is **DENIED**.

    4.      The request to extend the time to seek attorney fees under 42 U.S.C. § 406(b) is **GRANTED**, **in part**.

    5.      Any motion for attorney fees under 42 U.S.C. § 406(b) shall be filed with this Court on or before the thirtieth (30th) day after the notice of award is *issued* by Social Security Administration.

    **DONE AND ORDERED** at Jacksonville, Florida this 27th day of May, 2011.

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record

11